**Sentongo Fred SEBUGULU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–4784–AG.**

United States Court of Appeals, Second Circuit.

Oct. 27, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Alberto R.

Michael Lehach, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Wendy H. Waszmer, Assistant United States Attorney, New York, NY, for Respondent.

Present: DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN, CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Sentongo Fred Sebugulu (A29–835–832), through counsel, petitions for review of the BIA decision affirming the decision of immigration judge ("IJ") denying his application for asylum and withholding of removal. We assume the parties' familiarity

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Though the IJ ultimately made an adverse credibility finding in this case, his decision notes that Sebugulu's testimony was "largely consistent with his written statement." He did not address Sebugulu's demeanor. The IJ advanced three reasons for his adverse credibility finding: (1) it is implausible that Sebugulu remained in Uganda for approximately three years after he had been detained and tortured; (2) the fact that Sebugulu used false names and documents while in Uganda and lied about the purpose of his visit to the United States detracted from his credibility; and (3) Sebugulu's testimony lacked any corroboration. Each of these findings is flawed.

In his decision, the IJ stated that "[the court] lacks any evidence whatsoever that it was plausible for respondent to remain in Uganda after having been so seriously tortured and physically abused as alleged." While an adverse credibility determination may be based on the inherent implausibility of particular allegations, a finding of implausibility must not be based on flawed reasoning, speculation or conjecture. *Compare Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159 n. 12 (2d Cir. 2006) (upholding an implausibility finding as to a petitioner's claim that she went into hiding to avoid officials and yet continued working in a location where the officials were likely to find her), *with Secaida–Rosales,* 331 F.3d at 309–10 (holding that IJ used flawed reasoning in finding implausible a petitioner's claim that he faced persecution at a time when he was able to continue to work in a municipal job and to obtain a national identity card). Here, the IJ offered no "valid," *Secaida–Rosales,* 331 F.3d at 311, or "specific, cogent," *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005), reasons why he found Sebugulu's testimony implausible. Accordingly, the IJ erred in basing his adverse credibility finding in part on the supposed implausibility of Sebugulu's testimony.

■ The IJ further erred in considering as evidence of his lack of credibility Sebugulu's use of fraudulent documents while in Uganda, as well as his misrepresentation to U.S. consular officials as to the purpose of his visit. As this Court has reasoned, "[i]t would be pernicious indeed if asylum applications were discounted when applicants used false documentation to protect themselves from the very persecution they claimed to be fleeing." *Rui Ying Lin v. Gonzales,* 445 F.3d 127, 135 (2d Cir.2006). Accordingly, this Court and the BIA have been reluctant to draw adverse inferences as to credibility when an asylum applicant

uses fraudulent documents to escape immediate danger or imminent persecution. *See id.* at 133 ("A false sterilization certificate submitted to family planning officials to evade persecution does not reasonably discredit the authenticity of other documents submitted in an entirely different context."); *In re O–D–,* 21 I. & N. Dec. 1079, 1083 (BIA 1998) ("[T]here may be reasons, fully consistent with the claim of asylum, that will cause a person to possess false documents, such as the creation and use of a false document to escape persecution by facilitating travel.")  Here, "there may be reasons, fully consistent with the claim of asylum," why Sebugulu used false documents in Uganda, and why he misrepresented the purpose of his visit to the United States [2] in order to secure a visa that would allow him to leave Uganda.  As such, the IJ erred in considering these facts evidence of Sebugulu's lack of credibility, without further findings or analysis.

■ While a failure to corroborate may, on its own, lead to a claim's denial based on insufficiency of the evidence as opposed to credibility, it cannot form the sole basis for an adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).  Here, the IJ's discussion of corroboration is explicitly tied to credibility rather than more generally to the sufficiency of the evidence.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.  Respondent's motion to vacate and remand the BIA's decision is DENIED as moot.

---

**2.** As Petitioner correctly points out in his brief, nothing on the record suggests that Sebugulu ever presented fraudulent documents to U.S. authorities.